UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| BRENDA PALERMO | CIVIL ACTION NO. _____ |
| Plaintiff | |
| | SECTION: _____ |
| VERSUS | |
| | JUDGE: _____ |
| HUNTINGTON INGALLS INCORPORATED (f/k/a NORTHROP GRUMMAN SHIP SYSTEMS INC., f/k/a AVONDALE INDUSTRIES, INC.); TRAVELERS CASUALTY AND SURETY COMPANY, f/k/a The Aetna Casualty and Surety Company, as the liability insurer of the following Executive Officers: Albert Bossier, Jr., John Chantrey, Ollie Gatlin, J. Melton Garret, Earl Spooner, C. Edwin Hartzman, John McQue, Burnette "Frenchy" Bordelon, Henry "Zac" Carter, James T. Cole, Steven Kennedy, Edward Blanchard, Hettie Margret Dawes- Eaves, James O'Donnell, George Kelmell, Ewing Moore and Peter Territo;  Underwriters at Lloyd's London, as the liability insurer of the following Executive Officers: Albert Bossier, Jr., John Chantrey, Ollie Gatlin, J. Melton Garret, Earl Spooner, C. Edwin Hartzman, John McQue, Burnette "Frenchy" Bordelon, Henry "Zac" Carter, James T. Cole, Steven Kennedy, Edward Blanchard, Hettie Margret Dawes- Eaves, James O'Donnell, George Kelmell, Ewing Moore and Peter Territo, CHEVRON U.S.A, INC.; URS CORPORATION, successor to Walk Haydel Associates; MURPHY OIL USA, INC.; SHELL U.S.A., INC.; PHARMACIA CORPORATION, f/k/a Monsanto Company; WYETH LLC, f/k/a Wyeth Inc., f/k/a Wyeth Holdings LLC, f/k/a Wyeth Holdings Corporation, As successor-in-interest to American Cyanamid Company; GEORGE ENGINE COMPANY, INC.; PUGET SOUND COMMERCE CENTER INC., Successor to Todd Shipyards Corporation; TRAVELERS IDEMNITY COMPANY, as the Insurer of Puget Sound Commerce Center, Inc. Successor to Todd Shipyards Corporation; HANOVER INSURANCE COMPANY, as | MAG. JUDGE: _____ |

1

| | |
|---|---|
| Insurer of Todd Johnson Dry Docks Inc.; | * |
| FIDELITY & CASUALTY COMPANY OF | * |
| NEW YORK n/k/a The Continental Insurance | * |
| Company/Resolute as the insurer of Todd | * |
| Johnson Dry Docks, Inc.; ANCO INSULATIONS | * |
| INC.; BURMASTER LAND & | * |
| DEVELOPMENT CO., LLC formerly | * |
| E.F. Burmaster & Sons, then Burmaster Land | * |
| and Development Co., Inc.; EAGLE, INC.; | * |
| TAYLOR-SEIDENBACH, INC.; | * |
| EMPLOYERS INSURANCE COMPANY OF | * |
| WAUSAU, as the insurer of Reilly-Benton | * |
| Company, Inc.; LIBERTY MUTUAL | * |
| INSURANCE COMPANY, as the insurer | * |
| of Reilly-Benton Company, Inc.; | * |
| TRAVELERS INDEMNITY COMPANY, | * |
| f/k/a The Aetna Casualty and Surety Company, | * |
| as the insurer of B&B Engineering & | * |
| Supply Company, Inc. and B&B Engineering | * |
| & Supply Company of Louisiana, Inc.; | * |
| LIBERTY MUTUAL INSURANCE COMPANY, | * |
| as the insurer of B&B Engineering & Supply | * |
| Company, Inc. and B&B Engineering | * |
| & Supply Company of Louisiana, Inc.; | * |
| LOUISIANA INSURANCE GUARANTY | * |
| ASSOCIATION, as the insurer for The | * |
| Cajun Insulation Company, f/k/a Cajun Insulation | * |
| Company; UNITED STATES FIDELITY | * |
| AND GUARANTY COMPANY, as the | * |
| Insurer for The Cajun Insulation Company, | * |
| f/k/a Cajun Insulation Company; GEORGE | * |
| ENGINE CO., INC.; EATON AEROQUIP, | * |
| LLC., individually and as successor-in-interest | * |
| to Aeroquip Corporation, PARKER- | * |
| HANNIFIN CORPORATION (AS | * |
| SUCCESSOR-BY-MERGER TO | * |
| STRATOFLEX, INC., F/K/A AEROQUIP | * |
| SALES & ENGINEERING, INC.); | * |
| | * |
| Defendants | * |
| | * |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## NOTICE OF REMOVAL

2

NOW INTO COURT, through undersigned counsel, comes defendant, Huntington Ingalls Incorporated, f/k/a Northrop Grumman Shipbuilding Inc., f/k/a Northrop Grumman Ship Systems, Inc., f/k/a Avondale Industries, Inc., f/k/a Avondale Shipyards, Inc. (hereinafter "Avondale"), who, pursuant to 28 U.S.C. §§ 1441, 1442, and 1446, notices the removal of the above-entitled action bearing No. 2022-8354 on the docket of the Civil District Court for the Parish of Orleans, State of Louisiana (the "State Case"), to the United States District Court for the Eastern District of Louisiana.

1.

This Court has subject matter jurisdiction because the State Case is an action for or relating to conduct under color of federal office commenced in a state court against persons acting under one or more federal officers within the meaning of 28 U.S.C. § 1442(a)(1).

2.

Venue is proper in this Court because it is the district court for the district in which the State Case is pending. 28 U.S.C. § 1442(a).

3.

On September 7, 2022, Plaintiff, Brenda Palermo, filed a Petition for Damages in the suit bearing Case No. 2022-8354 in Civil District Court for the Parish of Orleans, naming various entities as defendants.[1] The Petition alleges that Ms. Palermo was diagnosed with mesothelioma as a result of exposure to asbestos from the clothing of her grandfather, uncle, and cousin and from industrial activities near her home.[2]

4.

---

[1] Exhibit A, Petition for Damages.
[2] *Id*. at ¶¶ 4, 8.

3

On August 2, 2023, Plaintiff filed a Second Amending Petition for Damages which named Avondale as a defendant.[3] In the Second Amending Petition, Plaintiff alleges that she was exposed to asbestos from the clothes of her relative, Merlin J. Landry, as a result of his work at Avondale.[4] She further alleges that she was exposed to asbestos from the clothes of her biological father, Lloyd Rodrigue, Sr., as a result of his work at Avondale.[5] Plaintiff makes no allegation as to when either man worked at Avondale and does not specify the alleged exposure period from Avondale.

5.

The Petition alleges that the defendants were required to comply with the standards related to asbestos set forth specifically by the Walsh Healey Public Contracts Act ("Walsh Healey Act").[6] The Petition further alleges that the defendants had the responsibility to comply with the standards set forth in the Walsh Healey Act and "failed to meet those duties… ."[7] In the Second Amending Petition, Plaintiff realleges all of the allegations contained in the original Petition against Avondale, which include negligence claims against all defendants and strict liability claims against employer/premises owner defendants.[8] In other words, Plaintiff contends that her mesothelioma was caused, in part, by her exposure to asbestos from the Avondale work clothes of her uncle and father, due to Avondale's failure to abide by the provisions of the Walsh Healey Act.[9]

---

[3] Exhibit B, Second Amending Petition for Damages. Plaintiff also filed a First Amending Petition on May 16, 2023 which did not add Avondale as a defendant or make any allegations of exposure from Avondale. See Exhibit C, Plaintiff's First Amending Petition for Damages.
[4] Exhibit B at ¶ II (4H). Plaintiff alleges in her original Petition that Merlin J. Landry is her uncle but alleges that he is her cousin in the Second Amending Petition for Damages. See Exhibit A at ¶¶ 4(B), 4(D), 4(E) and Exhibit B at ¶ II (4H).
[5] Exhibit B at ¶ II (4I).
[6] Exhibit A at ¶ 10(J).
[7] *Id.* at ¶ 13.
[8] Exhibit B at ¶ IV. Plaintiff lists Avondale as an employer/premises owner defendant in the heading of Paragraph I in the Second Amending Petition. See Exhibit B at ¶ I.
[9] Exhibit A at ¶¶ 10, 13-15; Exhibit B at ¶¶ II, IV.

4

6.

The Walsh Healey Act applied to U.S. government contracts with private entities exceeding $10,000.00 for the manufacturing or furnishing of goods. Through the Walsh Healey Act, the federal government issued advisories to government contractors, like Avondale, regarding asbestos and safety standards related to the levels of permissible asbestos exposure. The only federal contracts that Avondale had during the employment periods of Plaintiff's uncle and father, and thus the only contracts invoking the requirements of the Walsh Healey Act, were contracts between Avondale and the United States to build different types of Federal Vessels.

7.

Upon information and belief, Merlin J. Landry was employed at Avondale from 1962 to 1964, and Lloyd Rodrigue, Sr. was employed at Avondale from 1959 to 1960 and in 1971.

8.

During the relevant Avondale employment periods, at least 43 vessels were constructed pursuant to contracts with the federal government. More specifically, Avondale was constructing vessels built pursuant to contracts with the U.S. Navy, the U.S. Coast Guard, and the U.S. Maritime Administration ("MARAD"). These vessels included U.S. Navy Destroyer Escorts, U.S. Coast Guard Cutters, and Lykes and LASH cargo vessels constructed for MARAD (collectively, the "Federal Vessels"). These vessels were built with asbestos-containing products and materials pursuant to Navy, Coast Guard, and MARAD's requirements. Thus, to the extent Plaintiff is alleging exposure to asbestos-containing materials from Avondale and related violations of the Walsh Healey Act, such exposure is necessarily attributable to asbestos-containing materials required and destined for use in the construction of these U.S. Navy, U.S. Coast Guard, and MARAD vessels.

4858-7854-8351, v. 1

9.

These Federal Vessels were built with asbestos-containing products and materials pursuant to the U.S. Government's requirements. Thus, to the extent Plaintiff is alleging exposure from asbestos-containing products at Avondale during this time, such exposure is necessarily attributable to asbestos-containing products required and destined for use in the construction of these Federal Vessels.

10.

Thus, Plaintiff's Petition and Second Amending Petition reveals on its face that she is claiming that her exposure to asbestos from Avondale is attributable, in part, to asbestos used and installed on Federal Vessels at Avondale, pursuant to Avondale's contracts with the federal government. *See, e.g., Bourgeois v. Huntington Ingalls, Inc.,* No. 20-1002, 2020 WL 2488026 at *10 (E.D. La. May 14, 2020) ("Under the broad reading of 'relating to' *Latiolais* dictates, … the evidence that six Navy vessels were under construction while Bourgeois worked at Avondale, tend to show that Bourgeois was likely exposed to asbestos used under the direction of a federal officer, thereby satisfying the connection prong") (Ashe, J.); *Ragusa v. Louisiana Insurance Guaranty Association,* 573 F.Supp.3d 1046, 1052 (E.D. La. Nov. 23, 2021) ("Under the broad reading of the connection prong, the evidence that at least two federal vessels were under construction during the time of the alleged exposure tends to show that Plaintiff was likely exposed to asbestos being used under the direction of a federal officer") (Barbier, J.).

11.

This removal is being filed within thirty (30) days of service of Plaintiff's Second Amending Petition for Damages on Avondale on August 25, 2023.[10]

---

[10] *See* Exhibit A.

12.

This action involves persons acting under the authority of an officer of the United States within the meaning of 28 U.S.C. § 1442(a)(1). To establish jurisdiction under this statute, a defendant must show: (1) it has asserted a colorable federal defense, (2) it is a "person" within the meaning of the statute, (3) that has acted pursuant to a federal officer's directions, and (4) the charged conduct is related to an act pursuant to a federal officer's directions. *Latiolais v. Huntington Ingalls, Inc.*, 951 F.3d 286, 296 (5th Cir. 2020) (*en banc*).

13.

Avondale is a "person" within the meaning of 28 U.S.C. § 1442(a)(1). *See Savoie v. Huntington Ingalls Incorporated,* 817 F.3d 457, 461 (5th Cir. 2016).

14.

Avondale was "acting under" an "officer … of the United States or [an] agency thereof" within the meaning of § 1442(a)(1) when it built the above-mentioned Federal Vessels, including U.S. Navy Destroyer Escorts and U.S. Coast Guard Cutters, for the United States government because the United States government contracted with Avondale to perform a task that the federal government otherwise would itself have had to perform—namely, to build ships "used to help conduct a war," for use as naval and military auxiliaries, to promote foreign and domestic commerce, and to further other national interests. *E.g.*, *Watson v. Philip Morris Companies, Inc.*, 551 U.S. 142, 153-54 (2007); *Savoie,* 817 F.3d at 461-62 (Avondale was acting under a federal officer in the construction of vessels for the United States Navy); *Wilde v. Huntington Ingalls, Inc.*, 616 F. App'x 710, 713 (5th Cir. 2015) (Avondale was acting under a federal officer in the construction of vessels for the United States Maritime Administration); *Dempster v. Lamorak Ins. Co.*, No. 20-95, 2020 WL 468611, at *11 (E.D. La. Jan. 28, 2020) (same).

15.

Avondale was also "acting under" an "officer … of the United States or [an] agency thereof" within the meaning of § 1442(a)(1) when it built the Lykes and LASH cargo vessels pursuant to contracts with MARAD because the United States government, acting through MARAD, had contracted with Avondale to perform a task that the government otherwise would itself have had to perform – to build ships for use as naval and military auxiliaries, to promote foreign and domestic commerce, and to further other important national interests. *Wilde v. Huntington Ingalls, Inc.*, 616 F. App'x 710, 713 (5th Cir. 2015) (Avondale was acting under a federal officer in the construction of vessels for the United States Maritime Administration); *Dempster v. Lamorak Ins. Co.*, No. CV 20-95, 2020 WL 468611, at *11 (E.D. La. Jan. 28, 2020) (same).

16.

If Plaintiff was exposed to asbestos from her father and uncle's work at Avondale in conjunction with the construction of the Federal Vessels, and in violation of Walsh Healey's asbestos standards as alleged, the use of asbestos-containing materials on those vessels was required, controlled, and/or authorized by officers of the United States.

17.

Plaintiff's strict liability claims against Avondale are claims "for or related to" acts performed under color of federal office within the meaning of the text of 28 U.S.C. S 1442(a)(1). The strict liability claims against Avondale make the case removable under *Savoie*, 817 F.3d at 465. Those strict liability claims are indisputably "claims for or related to acts performed under color of federal office." *Id.*

18.

Plaintiff's negligence claims against Avondale are also claims "for or related to" acts performed under color of federal office within the meaning of the text of 28 U.S.C. § 1442(a)(1) because the charged conduct is "connected or associated with" an act under a federal officer's direction. *Latiolais v. Huntington Ingalls, Inc.*, 951 F.3d at 296.

19.

The use and installation of asbestos-containing materials in the construction of Federal Vessels was required by the contractual provisions and design specifications mandated by the United States government.

20.

The materials used in the construction of the Federal Vessels—including asbestos-containing materials—were the kind, type, and brand of materials specifically mandated by the vessel construction contracts between Avondale and the United States government, and by the incorporated drawings, plans and specifications for the construction of the Federal Vessels.

21.

The shipbuilding process—specifically including the use and installation of asbestos-containing materials aboard the Federal Vessels—was supervised and monitored by inspectors and other representatives of the United States government to ensure that Avondale complied with the design specifications mandated by the U.S. Navy, the U.S. Coast Guard, and MARAD.

22.

The inspections by representatives of the United States government included a determination that the supplies (including raw materials, components, and end products) used in

the construction of the Federal Vessels were the supplies required by the contracts and specifications, including asbestos-containing materials. Inspections occurred throughout construction and prior to final acceptance of the Federal Vessels. If Avondale did not use the supplies required by the contracts, including asbestos-containing materials, the federal government could demand that Avondale replace the supplies with conforming materials and/or put Avondale in default of contract.

23.

The United States government required Avondale to provide representatives of the United States government, including government inspectors, with office space and other attendant facilities within the shipyard.

24.

Extensive Dock Trials, Builder's Trials, and Sea Trials on the Federal Vessels were performed by representatives of the United Sates government prior to the commission of each Federal Vessel to ensure conformity with the design specifications mandated by the United States government.

25.

The United States government also promulgated specific safety rules, regulations, and requirements for shipbuilding. These regulations included specific permissible safe exposure levels for asbestos pursuant to the Walsh Healey Public Contracts Act, the Occupational Health and Safety Act, and the United States Department of Labor Safety and Health Regulations for Shipbuilding (29 C.F.R. § 1502.1), which set safety standards to meet the provisions of the Longshore and Harbor Workers' Compensation Act requirements to render Avondale's workplace safe pursuant to 33 U.S.C. § 941. Avondale was guided by and required to comply with these

safety regulations during construction of the Federal Vessels. Federal safety inspectors specifically monitored and enforced these safety regulations as well as the construction of the Federal Vessels on a day-to-day and job-specific basis.

26.

Avondale raises two colorable federal defenses to one or more of the Plaintiff's claims in this action. First, one or more of Plaintiff's claims are barred under the jurisprudential doctrine of government contractor immunity established by *Boyle v. United Techs. Corp.,* 487 U.S. 500 (1988), and its progeny. *See Latiolais,* 951 F.3d at 297-98 (holding Avondale's *Boyle* defense is colorable). Furthermore, Plaintiff's negligence and strict liability claims relate to the acts performed under color of federal office.

27.

The reasonably precise design specifications established by the federal government mandated the installation of asbestos-containing materials on the Federal Vessels. The Federal Vessels conformed to the specifications mandated by the United States government—including the specifications mandating the use of asbestos—and Avondale, therefore, built the Federal Vessels using asbestos. The federal government had knowledge of the potential hazards of asbestos-containing materials in the workplace that was equal to or superior to that of Avondale.

28.

Second, Plaintiff's claims against Avondale are barred by the federal defense of derivative sovereign immunity as set forth in *Yearsley v. W.A. Ross Construction Co.*, 309 U.S. 18 (1940), and its progeny. *Yearsley* established that a federal government contractor, performing at the direction and authorization of a federal government officer, is immune from suit based upon performance of the contract. The *Yearsley* doctrine applies here, rendering Avondale immune from

4858-7854-8351, v. 1

suit, because Avondale performed the at-issue acts at the direction of federal government officers acting pursuant to federal government authorization.

29.

Removal under 28 U.S.C. § 1442 does not require the consent of any defendant. *See Ely Valley Mines, Inc. v. Hartford Acc. and Indemnity Co.,* 644 F.2d 1310 (9th Cir. 1981); *Bottos v. Avakian,* 477 F. Supp. 610 (N.D. Ind. 1979), *aff'd*, 723 F.2d 913 (7th Cir. 1983).

30.

Because this Court has federal officer jurisdiction over at least one claim asserted by Plaintiff, it has supplemental jurisdiction over the entire action. *Savoie,* 817 F.3d at 463; 28 U.S.C. § 1367(a).

31.

With this Notice, Avondale is filing a "copy of all process, pleadings, and orders served upon" it in the State Case. 28 U.S.C. §§ 1446(a), (d). In addition, written notice is being given to all adverse parties, and a copy of this Notice is being filed with the Clerk of the Civil District Court for the Parish of Orleans, State of Louisiana.

**ACCORDINGLY**, Avondale gives notice that the proceeding bearing 2022-8354 on the docket of the Civil District Court for the Parish of Orleans, State of Louisiana, is removed to the docket of this Court for trial and determination as provided by law, and asks that this Court enter such orders and issue such process as may be proper to bring before it copies of all records and proceedings in the State Case, and to proceed with this civil action as a matter properly removed.

Respectfully submitted,

**IRWIN FRITCHIE URQUHART MOORE & DANIELS, LLC**

/s/ *David M. Melancon*
Gus A. Fritchie (#5751)
Timothy F. Daniels (#16878)
David M. Melancon (#23216)
Alison A. Spindler (#34103)
M. Scott Minyard (#31879)
Diana J. Masters (#37372)
Laura Leggette (#35882)
400 Poydras Street, Suite 2700
New Orleans, Louisiana  70130
Telephone:  504-310-2100
Facsimile:  504-310-2101
E-Mail:  IrwinAvondale@irwinllc.com
**Counsel for Huntington Ingalls Incorporated**

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing Notice of Removal was filed electronically with the Clerk of Court using the Court's CM/ECF system and a copy sent to all counsel of record by electronic means on the 21st day of September 2023.

/s/ *David M. Melancon*

4858-7854-8351, v. 1