UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| BRENDA PALERMO, et al. | * | CIVIL ACTION NO. 23-5425 |
| | * | |
| VERSUS | * | SECTION: "O"(1) |
| | * | |
| EAGLE INC., ET AL. | * | JUDGE BRANDON S. LONG |
| | * | |
| | * | MAGISTRATE JUDGE |
| | * | JANIS VAN MEERVELD |

*************************************   *

ORDER AND REASONS

Before the Court is the Motion to Quash filed by defendant Huntington Ingalls Incorporated ("Avondale"). (Rec. Doc. 68). Balancing the need for relevant information against the privacy interests implicated by the subpoenaed documents, the Motion to Quash shall be GRANTED in part and DENIED in part: The scope of the subpoena shall be narrowed to relevant employment, personnel, and medical records and any sensitive information shall be produced subject to a protective order limiting its disclosure.

Background

This lawsuit arises out of Brenda Palermo's alleged exposure to asbestos, her contraction of mesothelioma, and ultimately her death. Plaintiffs are Brenda's spouse Anthony Palermo and her legally adopted daughter Gina Palermo Ventura, who both substituted into this lawsuit after her death in March 2024.

Plaintiffs allege that Brenda was exposed to asbestos by her father, uncle, and cousins who worked at the Avondale shipyard, where their clothes were with contaminated asbestos.

The present discovery dispute concerns Avondale employment records for Brenda's deceased cousins, Valmont and Glen Landry. Plaintiffs insist they need these records to identify how, when, and where Valmont and Glen were exposed to asbestos dust and fibers while working

1

at Avondale. Based on records they have already received from Avondale for Brenda's father, they say the records will show the jobs they performed and may identify co-workers. These co-workers may still be alive and able to testify about their work at Avondale or they may have provided testimony in another lawsuit about their exposure to asbestos.

Avondale refuses to produce the records in response to plaintiffs' subpoena because the records would expose Valmont and Glen Landry's confidential and personal information. It will only produce the records if plaintiffs provide an authorization signed by the deceased former employee's surviving spouse, or by all surviving children if there is no surviving spouse, or by all grandchildren if there are no surviving children. Avondale submits that it may be subject to an invasion of privacy suit if it discloses the records without a proper authorization or court order. In its reply to the plaintiffs' opposition memorandum, Avondale adds that plaintiffs never previously alleged exposure from Valmont and Glen, noting that plaintiffs' counsel did not question Brenda about them in her deposition earlier this year. Avondale also complains that plaintiffs did not provide it with any information about Glen and Valmont's surviving heirs until after it filed the presentation motion to quash. Finally, Avondale submits that it has not identified the records of Glen and Valmont as records it would offer into evidence and therefore plaintiffs improperly suggest that Avondale would use the records against the plaintiffs.

Law and Analysis

1. *Scope of Discovery*

The Federal Rules of Civil Procedure provide that "parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. Proc. 26(b)(1). "Information within this scope of discovery need not be admissible in evidence to be discoverable." Id. The Rule requires consideration of the

following factors in assessing proportionality: "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Id.

2. *Personnel Files*

Because non-party personnel files are likely to contain confidential, personal, and potentially embarrassing information, courts must balance the non-party's privacy interest against the parties' interest in obtaining relevant discovery. In re: Xarelto (Rivaroxaban) Prod. Liab. Litig., 313 F.R.D. 32, 36-37 (E.D. La. 2016); Poseidon Oil Pipeline Co., v. Transocean Sedco Forex, Inc., No. 00-2154, 2002 WL 1919797, at *4 (E.D. La. Aug. 20, 2002). Courts have observed that "[p]ersonnel files also present thorny issues of corporate policy; many files in a personnel file are not intended to be shared with an employee or disclosed outside of the company." Xarelto, 313 F.R.D. at 37. In balancing the interests, courts consider the so-called Frankenhauser factors, six of which are relevant in a civil case against a private defendant:

> (1) "the impact upon persons who have given information of having their identities disclosed;" (2) "whether the information sought is factual data or evaluative summary;" (3) "whether the party seeking the discovery is an actual or potential defendant in any criminal proceeding either pending or reasonably likely to follow from the incident in question;" (4) whether the plaintiff's suit is non-frivolous and brought in good faith;" (5) "whether the information sought is available through other discovery or from other sources; and" (6) "the importance of the information sought to the plaintiff's case."

Id. at 36 (quoting Frankenhauser v. Rizzo, 59 F.R.D. 339, 344 (E.D. Pa. 1973)).

3. *Protective Orders*

Federal Rule of Civil Procedure 26(c) provides that the Court "may, for good cause," protect a party from "annoyance, embarrassment, oppression, or undue burden or expense" by, among other things, issuing an order "forbidding the disclosure or discovery" or "requiring that a

3

trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way." Fed. R. Civ. Proc. 26(c)(1). "The burden is upon the movant to show the necessity of its issuance, which contemplates a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements." United States v. Garrett, 571 F.2d 1323, 1326 n. 3 (5th Cir. 1978).

4. *Analysis*

As a threshold matter, the Court first considers whether the employment records of Valmont and Glen are relevant. Avondale correctly points out that at the time the subpoena was served and the motion to quash was filed, plaintiffs had not alleged any asbestos exposure related to Valmont and Glen. But in their Fourth Amended Complaint—filed into the record on August 21, 2024, plaintiffs allege that Brenda was exposed to injurious levels of asbestos from asbestos fibers brought home to her on the clothes and person of her cousins Sterley Landry, Valmont Landry and Glen Landry, because of their employment with Avondale shipyards. (Rec. Doc. 77). The Court finds the employment records of Glen and Valmont could contain relevant information about the type of work they performed, the time periods they did so, and the identities of their co-workers. Importantly, the Court finds that this relevant information does not implicate any privacy or confidentiality interest of Valmont and Glen. To the extent it is possible for Avondale to produce this relevant information without producing confidential information[1] (such as health, family status, financial information, or disciplinary history), Avondale has no excuse for failing to comply with the subpoena.[2]

---

[1] For example, Avondale could have excluded production of irrelevant documents revealing personal confidential information or could have redacted such information from documents produced.
[2] Avondale fears legal action by Valmont and Glen's heirs but offers no support for finding it could be subjected to such liability for complying with a lawfully issued subpoena, especially if irrelevant personal information was redacted or excluded from the production.

To the extent that relevant documents implicate confidentiality concerns either because the confidential information is relevant or because the confidential information cannot be redacted without obfuscating the document itself, the Court next considers the <u>Frankenhauser</u> factors to determine whether they must nonetheless be produced. First, the Court finds that the impact upon Glen and Valmont is non-existent because they are deceased and cannot suffer embarrassment or adverse financial consequences. The only possible impact is upon the memory of Glen and Valmont or upon their heirs. Even then, the Court finds that this concern can be minimized by use of a protective order and exclusion/redaction of irrelevant financial and health records.

The next factor is whether the information sought is factual data or evaluative summary. The type of information sought by plaintiffs is factual in nature—the dates of employment, the locations they worked, the trades they performed, and the people they worked with. This weighs in favor of production.

The third factor is whether the party seeking the discovery is an actual or potential defendant in any criminal proceeding either pending or reasonably likely to follow from the incident in question. Criminal proceedings involving plaintiffs, Glen, or Valmont are not a likelihood. This factor does not bear on discoverability.

The next factor is whether the plaintiffs' suit is non-frivolous and brought in good faith. There is no reason to believe that plaintiffs' lawsuit or their allegations that Glen and Valmont were exposed to asbestos while working at Avondale and that Brenda was exposed to asbestos via their persons and clothes are frivolous. This factor weighs in favor of production.

The next factor is whether the information sought is available through other discovery or from other sources. Because Glen and Valmont are deceased, there is no readily available source

from which plaintiffs could learn their dates of employment, the locations they worked, the trades they performed, or the people they worked with. This weighs in favor of production.

The final factor is the importance of the information sought to the plaintiffs' case. The information sought by plaintiffs is critical to their case. The only way plaintiffs here can show take home exposure arising out of Glen and Valmont's work at Avondale is with the type of information they seek from the personnel file.

When considered together, the <u>Frankenhauser</u> factors weigh in favor of production. To reduce the possible negative impacts, production will be limited as follows: Avondale shall produce only relevant portions of the personnel file that bear on the issues in this case, such as Glen and Valmont's dates of employment, the trades they performed, the locations they worked, their exposure to asbestos, and their co-workers. Financial, health, family status, and disciplinary information shall not be subject to production unless it bears on the issues in this case. To the extent the production contains documents revealing financial, health, family status, or disciplinary information, such documents shall be produced as "Confidential" and subject to a protective order limiting disclosure of confidential information to the participants in this case.[3]

## Conclusion

Because portions of Glen and Valmont Landry's personnel files are relevant and important to their case and because the need for the relevant portions of these records outweighs any possible confidentiality concerns of the deceased Glen and Valmont or their families, Avondale must produce the relevant records. Accordingly, its Motion to Quash is GRANTED in part and DENIED in part: The scope of the subpoena is hereby narrowed to relevant employment, personnel, and

---

[3] If such a protective order is necessary, the parties shall review the form on Magistrate Judge North's website and submit it to the undersigned for consideration and issuance with any modifications appropriate for this case.

medical records and any sensitive information shall be produced subject to a protective order limiting its disclosure.

New Orleans, Louisiana, this 4th day of September, 2024.

                                                                                                */s/ Janis van Meerveld*
                                                                                                 Janis van Meerveld
                                                                        United States Magistrate Judge