## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**BRENDA PALERMO, ET AL.**                          **CIVIL ACTION**

**VERSUS**                                          **NO. 23-5425**

**EAGLE, INC., ET AL.**                             **SECTION "O"**

## ORDER AND REASONS

Before the Court is a motion[1] by Plaintiffs[2] Anthony Palermo and Gina Palermo Ventura ("Plaintiffs") to remand the case to Orleans Parish Civil District Court. Defendant Huntington Ingalls Incorporated ("Avondale") opposes.[3] For the following reasons, the motion to remand is **DENIED**.

## I.    BACKGROUND

This is an asbestos case. On September 7, 2022, Brenda Palermo filed suit in Civil District Court for Orleans Parish naming numerous entities as defendants.[4] Palermo alleges that she was exposed to asbestos throughout the 1960s and 1970s from the clothes and person of certain of her family members.[5] Palermo alleges that she developed mesothelioma because of this exposure.[6]

On August 2, 2023, Palermo filed a Second Amending Petition for Damages, which named Avondale as a defendant.[7] In this Petition, Palermo added allegations

---

[1] ECF No. 41.
[2] Plaintiffs Anthony Palermo and Gina Palermo moved to be substituted as plaintiffs following Brenda Palermo's death on March 7, 2024. ECF No. 45. The Court granted the motion. ECF No. 51. On March 28, 2024, Plaintiffs moved unopposed for leave to file a third amended complaint to assert survival and wrongful death actions. ECF No. 47. The Court granted the motion. ECF No. 51.
[3] ECF No. 48.
[4] ECF No. 2-2 (State Court Petition for Damages).
[5] *Id.* ¶ 4.
[6] *Id.* ¶ 8.
[7] ECF No. 2-3 ¶¶ 4H-4I (Second Amending Petition for Damages).

that she was exposed to asbestos from the clothes and person of her father and cousin while they were employed by Avondale.[8] Avondale was a shipbuilder that constructed vessels for the U.S. Navy.[9]

Avondale removed the suit to this Court.[10] Avondale argued that it was entitled to a federal forum under 28 U.S.C. § 1442(a), the federal officer removal statute.[11] According to Avondale, during the relevant time period, its workers constructed at least 43 vessels pursuant to contracts with the federal government, most of which required asbestos for thermal insulation.[12] Avondale asserted that it was therefore "acting under" an "officer . . . of the United States or [an] agency thereof" within the meaning of § 1442(a)(1) when its employees were building vessels for the government and using asbestos.[13]

Plaintiffs now move to remand to state court.[14] Citing an Eleventh Circuit decision, Plaintiffs argue Avondale cannot remove under the plain text of the federal officer removal statute.[15] *See State v. Meadows*, 88 F.4th 1331 (11th Cir. 2023), *cert. denied*, 145 S. Ct. 545 (2024). Plaintiffs contend that Section 1442(a) only permits removal if the removing party is *currently* "acting under" an "officer . . . of the United States," as opposed to having formerly acted under a federal officer during the alleged wrongdoing only.[16] Avondale, in turn, points to a long line of decisions, including from

---

[8] *Id.* at ¶¶ 4H-4I.
[9] ECF No. 48-5 (Blanchard Depo.).
[10] ECF No. 2 (Notice of Removal).
[11] *Id.* at ¶ 1.
[12] *Id.* at ¶ 8.
[13] *Id.* at ¶ 14.
[14] ECF No. 41.
[15] ECF No. 41-1.
[16] *Id.*

the Fifth Circuit, sanctioning Avondale's removal of asbestos cases under Section 1442(a) for past conduct while acting under a federal officer.[17] *See, e.g., Latiolais v. Huntington Ingalls, Inc.*, 951 F.3d 286, 296 (5th Cir. 2020).

## II.    ANALYSIS

Section 1442 permits a defendant to remove criminal or civil matters brought against "any officer (or any person acting under that officer) of the United States . . . in an official or individual capacity, for or relating to any act under color of such office[.]" 28 U.S.C. § 1442(a)(1). The Fifth Circuit has elucidated four requirements for a defendant to establish federal jurisdiction under the federal-officer removal statute. The defendant must show: "(1) it has asserted a colorable federal defense, (2) it is a 'person' within the meaning of the statute, (3) that has acted pursuant to a federal officer's directions, and (4) the charged conduct is connected or associated with an act pursuant to a federal officer's directions." *Latiolais v. Huntington Ingalls, Inc.*, 951 F.3d 286, 296 (5th Cir. 2020).

The parties agree that Avondale has satisfied three of the four required elements for removal under the *Latiolais* test.[18] At the time of the relevant conduct, Avondale was a private entity that built ships for the federal government pursuant to government contracts.[19] Its conduct was overseen by federal inspectors.[20] Plaintiffs thus concede that Avondale presents "colorable federal defense[s]" to Plaintiffs' claims, that Avondale is a "person" under Section 1442, and that Plaintiff's claims

---

[17] ECF No. 48.
[18] ECF No. 49
[19] *See generally* ECF Nos. 48-1, 48-2, and 48-3.
[20] *Id.*

are "connected or associated" with Avondale's actions undertaken pursuant to the government contracts Avondale held with the federal government.[21] *See Latiolais*, 951 F.3d at 296.

Plaintiffs' sole argument for remand asserts that Section 1442(a) "applies only to *current* federal officers, not *former* federal officers" and that Avondale thus cannot invoke Section 1442(a) to remove because it is not *currently* "acting under" an officer of the United States.[22] Plaintiffs procure this argument from the Eleventh Circuit's holding in *State v. Meadows*, 88 F.4th at 1338. In that case, the Eleventh Circuit held that the President's former chief of staff, Mark Meadows, could not remove his criminal case from state court under Section 1442(a). *Id.* The *Meadows* court reasoned that the plain language of Section 1442(a) instructs that only current—and not former—federal officers are "officer[s] . . . of the United States" eligible to remove a case to federal court.[23] *Id.* at 1338–43. Plaintiffs urge this Court to extend the *Meadows* reasoning further to hold that Section 1442(a)(1) only permits removal by persons currently "acting under" federal officers.[24]

The Court declines this invitation for several reasons. First, the Court is unwilling to contravene the Fifth Circuit's longstanding application of Section 1442(a)(1). In *Latiolais*, the *en banc* Fifth Circuit held that Avondale—the same

---

[21] *Id.* at 1-2 ("Plaintiffs concede that they limited their motion to remand to the 'acting under' element of the four-element federal officer removal analysis described in both *Latiolais v. Huntington Ingalls, Incorporated* and *State v. Meadows*.").

[22] ECF No. 41-1 at 3 (emphasis in original).

[23] The Eleventh Circuit held in the alternative that remand was required because the defendant's charged conduct was not performed under color of federal office. *Meadows*, 88 F.4th at 1343–50.

[24] ECF No. 41-1 at 3-5.

removing defendant, under almost identical facts as here—could remove under Section 1442(a)(1) because it was "acting under" a federal officer when it built vessels for the U.S. Navy throughout the 1960s and 1970s. 951 F.3d at 289–290. True, the Fifth Circuit did not expressly consider whether the plain text of Section 1442(a) limits its applicability to current officers only. But neither had any court before *Meadows*, which acknowledged that "in the 190-year history of the federal-officer removal statute," no court had ever held that "former officers are excluded from removal." *Meadows*, 88 F.4th at 1342. Without more explicit direction from the Fifth Circuit, this Court is reluctant to adopt the reasoning of an out-of-circuit, non-binding opinion.

Second, the *Meadows* opinion is distinguishable in several key ways. For one, the *Meadows* court emphasized that the case involved a criminal prosecution, not a civil suit. *See id.* at 1342-43 ("The Supreme Court has instructed that federal courts must 'retain[ ] the highest regard for a State's right to make and enforce its own criminal laws.'") (quoting *Arizona v. Manypenny*, 451 U.S. 232, 243 (1981)). For another, the *Meadows* court did not comment on whether its reasoning extended to individuals who formerly "acted under" federal officers. Indeed, it's difficult to see how those invoking "acting under" removal will typically be anything other than temporary agents of federal officers. *See, e.g.*, *Watson v. Philip Morris Companies, Inc.*, 551 U.S. 142, 147 (2007) (stating that the statute permits removal if "in carrying out the 'act[s]' that are the subject of the . . . complaint, [the defendant] *was* 'acting under' any 'agency' or 'officer' of 'the United States'") (quoting 28 U.S.C. §1442(a)(1)

5

(emphasis added). Other sections of this Court have relied on these distinctions to refuse to extend *Meadows*'s reasoning to prevent a person from removing who was—even if he is not currently—"acting under" a federal officer. *See, e.g., Ditcharo v. Union Pac. R.R. Co.*, 2024 WL 1433652, at *2 (E.D. La. Apr. 3, 2024) (Fallon, J.); *Marcella v. Huntington Ingalls Inc.*, 2024 WL 2814044, at *4 (E.D. La. June 3, 2024) (Ashe, J.); *Jacob v. Louisiana Ins. Guar. Ass'n*, 2024 WL 3102165, at *2 (E.D. La. June 24, 2024) (Papillion, J.).

Finally, the Supreme Court has long counseled that the removal statute must not be given a "narrow, grudging interpretation." *Willingham v. Morgan*, 395 U.S. 402, 406–07 (1969) (holding that "[t]he federal officer removal statute is not 'narrow' or 'limited'"). Similarly, the Fifth Circuit has instructed courts to afford a "liberal interpretation" of the statute "in view of its chief purpose—to prevent federal officers who simply comply with a federal duty from being punished by a state court for doing so." *State of La. v. Sparks*, 978 F.2d 226, 232 (5th Cir. 1992). Notably, unlike typical remand orders to state court, "an order remanding a case to the State court from which it was removed pursuant to section 1442 or 1443 of this title shall be reviewable by appeal or otherwise." 28 U.S.C. § 1447(d). And unlike other removal doctrines, the Fifth Circuit "broadly construe[s] the federal officer removal statute in favor of a federal forum." *Martin v. LCMC Health Holdings, Inc.*, 101 F.4th 410, 414 (5th Cir. 2024). Extending the Eleventh Circuit's narrower construction of Section 1442 even further, to entities "acting under" federal officers, risks contravening these principles.

## III.  CONCLUSION

Accordingly,

**IT IS ORDERED** that the motion[25] to remand is **DENIED**.

New Orleans, Louisiana, this 30th day of September, 2025.

_____
BRANDON S. LONG
UNITED STATES DISTRICT JUDGE

---

[25] ECF No. 41.